In the Matter of the Arbitration between OTTOMAR STANGE and ANNA A. STANGE, Copartners, etc., Respondents, and THOMPSON-STARRETT COMPANY, Appellant.

MARTIN, J. (dissenting). The order of this court previously entered expressly limited the arbitration. It excluded all claims for damage. (225 App. Div. 862.) The arbitrators appear to have ignored that order and to have disregarded the original contract and have adopted a theory which necessarily included all items of damage. They have awarded the plaintiff the total or entire cost of the work which included all costs and damages. The proper method to be pursued in this arbitration was to determine the amount of work called for under the original contract and its cost and to add to it the amount to which the claimant was entitled for extra work and changes. This would exclude all items of damage and if the original contract was a losing venture the loss thereon would be properly placed where it belonged, upon the subcontractor and not upon the contractor. That it may have been a losing venture is not an extreme deduction in view of the fact that an amount has been allowed for extra work and changes which is larger than the original contract price for the entire work. If the arbitrators found it impossible to do that which the order directed should be done, then the plaintiff's remedy was an action to recover on a *quantum meruit*. That would be the only remedy if there could be no arbitration for the extra work or changes, or if the cost of the work called for under the original contract could not be ascertained. I dissent and vote to reverse the order confirming the award and denying the motion to set the award aside and to reverse the judgment.